UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

NEB MORROW, III, 96-A-0922,                                    03-CV-0713E(Sc)
ISAAC STROMAN, 00-A-4403, and
DAVID WILLIAMSON, 97-A-5189,

                      Plaintiffs,                                    MEMORANDUM

        -vs-                                                              and

GLENN GOORD, Commissioner, N.Y.S.D.O.C., and              ORDER[1]
MICHAEL GIAMBRUNO, Superintendent, Wyoming
    Correctional Facility,

                      Defendants.

———————————————————————

        This action was filed *pro se* on September 19, 2003 by three inmates in the custody of

the New York State Department of Correctional Services ("DOCS") being held at the Wyoming

Correctional Facility ("WCF") — namely, Neb Morrow III, Isaac Stroman and David

Williamson.  The Plaintiffs seek relief under 42 U.S.C. §1983.  Defendants filed a motion for

summary judgment on November 19, 2004.  Morrow filed a cross-motion for summary

judgment on December 28, 2004.  These motions were submitted on the papers on January

7, 2005.  For the reasons set forth below, Defendants' motion for summary judgment will be

granted in part and Plaintiffs' motion for summary judgment will be denied as moot.

        Rule 56(c) of the Federal Rules of Civil Procedure ("FRCvP") states that summary

judgment may be granted only if the record shows "that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law."  In other

—————————————

        [1]This decision may be cited in whole or in any part.

words, after discovery and upon a motion, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is thus appropriate where there is "no genuine issue of material fact." *Anderson* v. *Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).[2]

With respect to the first prong of *Anderson*, a genuine issue of material fact exists if the evidence in the record "is such that a reasonable jury could return a verdict for the nonmoving party."[3] Stated another way, there is "no genuine issue as to any material fact" where there is a "complete failure of proof concerning an essential element of the nonmoving party's case." Celotex, at 323. Under the second prong of *Anderson*, the disputed fact must be material, which is to say that it "might affect the outcome of the suit under the governing law." *Anderson*, at 248.

Furthermore, "[i]n assessing the record to determine whether there is a genuine issue as to any material fact, the district court is required to resolve all ambiguities and draw all

---

[2]The moving party bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Goenaga* v. *March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Adickes* v. *S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). If the moving party makes such a showing, the non-moving party must then come forward with evidence of specific facts sufficient to support a jury verdict in order to survive the summary judgment motion. *Ibid.*; FRCvP 56(e).

[3]*Anderson*, at 248; *see also id.* at 252 ("The mere existence of a scintilla of evidence in support of the [movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [movant].")

factual inferences in favor of the party against whom summary judgment is sought."[4] Nonetheless, mere conclusions, conjecture, unsubstantiated allegations or surmise on the part of the non-moving party are insufficient to defeat a well-grounded motion for summary judgment.[5]

The Complaint alleges that Glenn Goord, the Commissioner of DOCS, and Michael Giambruno, the Superintendent of WCF, violated Plaintiffs' fundamental rights to freedom of expression under the First Amendment and equal protection of the laws under the Fourteenth Amendment by promulgating and administering a regulation prohibiting any inmate from wearing their hair in dreadlocks, excepting only those inmates who are practitioners of the Rastafarian religion.  Giambruno issued a memorandum dated July 22, 2003 concerning "Inmate Grooming Standards."  This memorandum noted that, pursuant to a recent Central Office Review Committee ("CORC") direction:

> "Dreadlock hairstyles are only authorized for inmates of the Rastafarian faith.  All other inmates are prohibited from wearing dreadlocks."

Enforcement of this regulation was scheduled to begin on September 1, 2003. Compl. at Exh. 5.

Morrow registered with DOCS as a Rastafarian, but he claims that his actual religious preference is that of the Islamic Faith, which does not require its practitioners to wear

---

[4]*St. Pierre* v. *Dyer*, 208 F.3d 394, 404 (2d Cir. 2000) (citing *Anderson*, at 255).

[5]*Goenaga*, *supra* note 2, at 18.

dreadlocks.[6]  When Morrow entered into DOCS custody, he was a practitioner of the Hebrew Israelite faith, which purportedly requires its adherents to wear dreadlocks.  Morrow asserts that the DOCS regulation at issue has forced him to choose between cutting his hair and falsely registering as a Rastafarian.

Defendants argue that Plaintiffs' claims are moot because they are registered as Rastafarians and that the regulations in question therefore permit them to wear dreadlocks. This Court, however, questions whether Plaintiffs' claims should fall within an exception to the doctrine of mootness, similar to the exception for claims that are capable of repetition yet evading review.[7]  Indeed, part of Plaintiffs' claim appears to be that their religious freedom is being curtailed by the fact that they are forced to register as Rastafarians in order to continue wearing dreadlocks.  Consequently, this Court will assume arguendo that Plaintiffs' claims are not moot.[8]

Defendants also argue that Morrow failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. §1997e(a), which provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

---

[6]Morrow was the only plaintiff to respond to Defendants' motion for summary judgment. Nonetheless, Stroman and Williamson appear to have also registered with DOCS as Rastafarian practitioners.

[7]*Michaels ex rel. Michaels* v. *Mills*, 2004 WL 816918, at *2 (W.D.N.Y. 2004).

[8]In the event that Defendants renew this argument if Plaintiffs re-file this action, this Court would want additional briefing on the issue of a possible exception to mootness, especially in light of Morrow's *pro se* status.

correctional facility until such administrative remedies as are available are exhausted." Because Plaintiffs failed to even allege that they exhausted their administrative remedies, this action will be dismissed without prejudice.

Exhaustion of administrative remedies under the PLRA is not jurisdictional, it is an affirmative defense.[9]   Consequently, Defendants bear the burden of proof.[10]   Plaintiffs, however, failed to adequately allege exhaustion.  Accordingly, Defendants' request for dismissal on exhaustion grounds would be proper under a FRCvP 12(b)(6) standard as well as a FRCvP 56(c) standard.[11]

In New York State, the administrative procedure available to inmates is known as the Inmate Grievance Program ("IGP"), which provides a three-step process for the redress of grievances.[12]   At the first step, a review of the grievance is conducted by a facility committee of elected peer-inmates and appointed DOCS staff members known collectively as the Inmate Grievance Resolution Committee ("IGRC").   The IGRC will only review grievances that are filed within fourteen days of an alleged occurrence, though exceptions to this time limit may be approved by the IGP supervisor based on mitigating circumstances.   If the inmate is

[9]*Page* v. *Breslin*, 2004 WL 2713266, at *1 (E.D.N.Y. 2004) (citing *Richardson* v. *Goord*, 347 F.3d 431, 434 (2d Cir. 2003) and *Ziemba* v. *Wezner*, 366 F.3d 161, 163 (2d Cir. 2004)).

[10]*Livingston* v. *Piskor*, 215 F.R.D. 84, 86 (W.D.N.Y. 2003).

[11]*Page*, *supra* note 9, at *1 (noting that review under FRCvP 12(b)(6) is appropriate where "failure to exhaust is apparent from the face of the complaint"); *see also Carollo* v. *Schroder*, 2005 WL 67099, at *1 (W.D.N.Y. 2005) (setting forth the FRCvP 12(b)(6) standard applicable when reviewing a motion to dismiss for failure to exhaust under the PLRA).

[12]*See generally* 7 N.Y.C.R.R. § 701.7; *Williams* v. *Comstock*, 2004 WL 2646544, at *2 (W.D.N.Y. 2004) (setting forth the IGP procedures).

unsatisfied with the determination of the IGRC, the second step is to appeal to the superintendent of the facility.  If unsatisfied with the determination of the superintendent, appeal may be taken to the CORC, which makes the final administrative determination.

Morrow submitted a document indicating that CORC denied a grievance concerning the wearing of dreadlocks by non-Rastafarian inmates — a grievance that was filed by an unidentified inmate at the Gowanda Correctional Facility.  See Compl., at Exh. 4.  Plaintiffs, however, do not claim that they exhausted their administrative remedies.[13]  Rather, Morrow argues that it would be futile to exhaust his administrative remedy because CORC has already reviewed a similar grievance and that its decision is not likely to change.  Futility, however, is not an exception to the PLRA's exhaustion requirement.[14]  Moreover, "[t]he fact that other inmates filed similar grievances does not excuse plaintiff from filing his own grievance.  To allow plaintiff to circumvent the PLRA's exhaustion requirement because other inmates filed

---

[13]Consequently, *Livingston*, *supra* note 10, at 86-87, — which denied summary judgment because DOCS's assertion that it found no grievances was insufficient under the circumstances of the case to establish DOCS's entitlement to summary judgment on its exhaustion affirmative defense — is distinguishable.  In any event, Defendants submitted a declaration by Jeff Weber, the IGP supervisor at WCF, indicating that WCF has no record of any grievance filed by any of the Plaintiffs between July of 2003 and November 4, 2004 concerning hair length, grooming or their ability to wear dreadlocks. Weber Decl. ¶6.

[14]*See, e.g., Beharry* v. *Ashcroft*, 329 F.3d 51, 56-57 (2d Cir. 2003) (holding that "statutory exhaustion requirements are mandatory" and noting that the "Supreme Court held in *Booth v. Churner*, [532 U.S. 731, 741 n.6 (2001)], that courts may not read a futility exception into the statutory exhaustion requirement of the [PLRA] *** [and that exhaustion was required even where the remedy sought] was completely unavailable"); *Petit* v. *Bender*, 2003 WL 22743485, at *5 (S.D.N.Y. 2003) (citing *Beharry* for the proposition that, "[i]n the Second Circuit, formal compliance with the Inmate Grievance Program is required and an inmate must exhaust his administrative remedies even if such exhaustion would be futile or ineffective"); *Davidson* v. *Talbot*, 2005 WL 928620, at *8 (N.D.N.Y. 2005) (applying *Booth*).

similar grievances would be contrary to Congress's intent in enacting the [PLRA]."[15]

Consequently, Plaintiffs have not exhausted their claims and this action will be dismissed

without prejudice.[16]

Accordingly, it is hereby **ORDERED** that Defendants' motion for summary judgment

(Docket No.16) is granted in part, that Plaintiffs' cross-motion for summary judgment (Docket

No. 22) is denied as moot and that this action is dismissed without prejudice.

DATED:        Buffalo, N.Y.

              May 16, 2005

                              _____/s/ John T. Elfvin_____
                              JOHN T. ELFVIN
                              S.U.S.D.J.

---

[15]*Laureano* v. *Pataki*, 2000 WL 1458807, at *2 (S.D.N.Y. 2000).

[16]Inasmuch as Plaintiffs' grievance is a continuing one, they should be permitted to grieve this matter and such should not be considered untimely.  Moreover, this Court will seriously consider appointing counsel in the event that Plaintiffs file a new action after exhausting their administrative remedies because (1) of the complexity of the issues involved, (2) the seriousness of the constitutional rights implicated in this case and (3) the fact that Plaintiffs' claims appear to have some merit. *Livingston*, *supra* note 10, at 86-87 (discussing a decision of the Second Circuit Court of Appeals that appointed counsel for an inmate due to the complexity of the exhaustion issues presented in the case). In any event, the Defendants should be prepared to explain why the dreadlocks regulation satisfies the applicable standard of equal protection clause analysis, especially given the apparent ease with which inmates may avoid its impact by simply registering as a Rastafarian.